### SIMMONS HARDWARE CO. v. BUCKET PUMP CO.

ERROR IN FILLING ORDER, OFFER TO CORRECT.

An error in the size, and in marking the size, of about one and one-half dozen coal hods, in filling an order for 435 dozen, which error the seller, upon being notified, immediately offered to correct, does not justifying the purchaser in rescinding the sale and returning the goods. The contract was substantially complied with and the seller is entitled to recover for the goods.

ERROR to judgment in the Common Pleas for $1,177.

GIFFEN, J.

This was an action by the defendant in error against plaintiff in error to recover the price of one car load of coal hods, sold and delivered to to plaintiff in error at St. Louis, which it refused to accept, and subsequently reshipped to defendant in error at Cincinnati, for the alleged reason that the hods were not the sizes ordered, or were not properly marked as to size.

The evidence shows that the hods ordered were three sizes each of japanned and galvanized iron; that there was more or less confusion in the marking of the same, but that the error as to size itself occurred only as to about one dozen and one-half, out of the entire car load containing 435 dozen. It was not in the order, or elsewhere, specified that the hods were to be marked, but the court charged the jury that if they found from the evidence that it was the custom of the trade to mark coal hods according to their capacity, then they might consider it a part of the contract.

The jury may well have found from the evidence that no such custom prevailed; but the defendant in error, upon being informed by the plaintiff in error that the hods were not according to contract, in sizes and marking, promptly offered to correct any errors in the shipment, and sent a representative to St. Louis, who requested the plaintiff in error to allow him to examine the hods, which were then stored in its warehouse, and to grant him the use of five feet of space in its warehouse, where he would handle the hods and correct any errors found; but plaintiff in error refused such request, and at all times declined to permit any correction to be made, except by shipping another carload of hods. There was no complaint as to the quality of the hods, and the variations in size and marking were probably due to the carelessness of the employees of defendant in error. The jury found, manifestly, that there was a substantial compliance with the contract; that the offer to correct such variations as did exist was reasonable and just, and that refusal of the plaintiff in error to permit the same to be done was not justified by the facts.

We find no error in the record and the judgment is affirmed.

*Johnson & Levy*, for plaintiff in error.

*Renner, Gordon & Renner*, contra.